**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLYDE JONES,                          :
    Petitioner                    :
                          :     No. 1:23-cv-02057
      v.                         :
                          :     (Judge Kane)
WARDEN F. GARZA,                      :
    Respondent                    :

**<u>MEMORANDUM</u>**

    This is a habeas corpus case filed under 28 U.S.C. § 2241 through which Petitioner Clyde Jones ("Jones") seeks "clarity on statutory construction" of two federal statutes.  (Doc. No. 1 at 1.)  The Court will dismiss the petition without prejudice.

**I.      BACKGROUND**

    Jones filed the instant petition on December 12, 2023.  (Doc. No. 1.)  The Court dismissed the petition without prejudice on February 20, 2024 for Jones's failure to pay the requisite filing fee or move for leave to proceed <u>in forma pauperis</u>.  (Doc. No. 7.)  Jones subsequently paid the filing fee and moved to reopen the case.  (Doc. No. 9.)  The Court granted the motion and reopened the case by separate Order on the date of this Memorandum Opinion.

    According to the petition, Jones is presently incarcerated in Canaan United States Penitentiary ("USP-Canaan").  (Doc. No. 1 at 1.)  He seeks "clarity on statutory construction" as to how the Second Chance Act and the First Step Act should be interpreted by the United States Bureau of Prisons.  (<u>Id.</u>)  Jones does not seek any time credits pursuant to these statutes or any other relief that would vacate or shorten his prison sentence; he simply seeks an opinion from the Court on how to interpret the relevant statutes "to provide clarity for both BOP staff and prisoners on this issue and going forward."  (<u>Id.</u> at 4.)

## II.     LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> 28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  <u>See</u> 28 U.S.C. § 2254 Rule 1.

## III.    DISCUSSION

The Court will exercise its discretion to dismiss this case under Rule 4 because the petition does not present a cognizable claim for habeas corpus relief.  The only purpose of a petition for writ of habeas corpus is to challenge the legality or length of a petitioner's detention.  <u>See</u>, <u>e.g.</u>, <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).  Thus, a habeas corpus petition may not be used as a freestanding request for "statutory construction" of a federal statute unaccompanied by a request to invalidate or shorten the petitioner's detention.  <u>See id.</u>  Moreover, this Court cannot direct parties how to construe a statute in the absence of a case or controversy that actually affects the parties' substantial rights because such a decision would constitute an impermissible advisory opinion.  <u>See</u>, <u>e.g.</u>, <u>TransUnion LLC v. Ramirez</u>, 594 U.S. 413, 423–24 (2021) (stating that "[u]nder Article III, federal courts do not adjudicate hypothetical or abstract disputes.  Federal courts do not possess a roving commission to publicly opine on every legal question.  Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities.  And federal courts do not issue advisory opinions").  Accordingly, because Jones's request for "clarity on statutory construction" does not present a question that this Court may decide, his petition will be dismissed without prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss the petition (Doc. No. 1) for writ of

habeas corpus without prejudice.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
